


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHINEDU MOMAH §
§
§
VS. § NO. 4:10-CV-369-A
§ (NO. 4:07-CR-189-A)
§
UNITED STATES OF AMERICA §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Chinedu Momah, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's reply, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On February 8, 2008, movant pleaded guilty to one charge of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. On June 27, 2008, the court sentenced movant to a term of imprisonment of 235 months, followed by a five-year term of supervised release. On June 12, 2009, the Fifth Circuit affirmed movant's conviction and sentence. The Supreme Court denied certiorari, and movant timely filed the instant motion.

II.

Grounds of the Motion

Movant claims he is entitled to relief for violation of his Sixth Amendment right to effective assistance of counsel due to: (1) counsel's failure to move for dismissal of the indictment, as it was not returned in open court; (2) counsel's failure to submit a written "Acceptance of Responsibility" statement and instead allowing movant to challenge relevant conduct to the probation officer and the court; (3) counsel's failure to file a motion to suppress; (4) counsel's failures during the plea process; and (5) the cumulative impact of counsel's multiple errors during pretrial, plea, sentencing, and direct appeal.

In the accompanying memorandum, movant alleged as the factual basis for ground one that counsel could have, but failed, to object to the absence of evidence that the indictment was returned in open court. Movant further contended that his counsel failed to argue that the court lacked jurisdiction, as movant's codefendant did not appear before the Grand Jury, and if he did, any of his codefendant's statements were coerced.

As to the factual basis for the second ground, movant claims counsel allowed movant to make verbal disclosures and exculpatory statements to the probation officer, rather than submitting a written acceptance of responsibility statement. Movant contends that any such written statement should have been limited to the expression of remorse and an acceptance of responsibility, with no denial of relevant conduct.

As the factual basis for the third ground, movant contends that his counsel failed to file a motion to suppress statements made by movant after he was approached by officers at the airport and after he was taken into custody.

As the factual basis for the fourth ground, movant contends that his counsel advised him to plead guilty without first advising him that he would likely be deported after pleading guilty and following his term of imprisonment.

As the factual basis for the fifth ground, movant claims counsel failed to apprise him of all of the facts and law relevant to his guilty plea, failed to investigate or present evidence relevant to sentencing or his appeal, and had a conflict of interest, and apparently contends that the cumulation of numerous errors constituted ineffective assistance.

III.

Treatment of § 2255

To prevail on his ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States

v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). Prejudice in sentencing means that but for counsel's error, a movant's sentence would have been significantly less harsh. Id. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Movant is not entitled to relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

IV.

None of the Grounds Has Merit

A. Ground One

Movant's claims under ground one concerning the indictment are contradicted by the record. The papers filed with the indictment in this case state: "Filed in open court this 18 [sic] of December, A.D. 2007," Indictment, docket number 24, at 3, and bear the signature of the grand jury foreperson and the United States Magistrate Judge who received the return of the indictment. As to movant's claim concerning the appearance of his codefendant before the Grand Jury, movant fails to apprise the court how he knew either that his codefendant did not appear before the Grand Jury, what statements his codefendant made that

were allegedly coerced, or to consider that the indictment was based on information from sources other than his codefendant. These claims are thus conclusory. Further, "[a]n indictment is a conclusive finding that there is probable cause to believe that the allegations in the indictment took place." United States v. Byrd, 898 F.2d 450, 453 (5th Cir. 1990). Movant's claims are frivolous, and counsel is not required to raise frivolous objections. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).

B. Ground Two

During movant's rearraignment hearing the court ordered movant to participate in an interview with the probation officer. Nothing in the court's directive at rearraignment provides movant or his attorney the option of submitting written statements in lieu of participating in an "interview." Movant also does not identify the "ostensibly exculpatory evidence" or statements he contends counsel should not have presented or should have prevented movant from presenting, that contributed to the court's denial of acceptance of responsibility. Counsel objected to the court's denial of acceptance of responsibility, but the court overruled the objections. The essence of movant's second ground is that counsel did not do enough to prevent movant from providing false statements or evidence to the probation officer or the court. Movant alone bears responsibility for his statements to the probation officer that resulted in the court's denial of acceptance of responsibility. This ground is without merit.

C. Ground Three

The statements movant contends counsel should have moved to suppress were those made after he was taken into custody at the airport. Movant does not allege that he was not apprised of his right to counsel or that counsel was refused him, or that officers continued to question him despite his request. Movant offers nothing but the conclusory assertion that his statements were "coerced" to support his contention that counsel should have filed a motion to suppress. Conclusory assertions are insufficient to sustain a claim of ineffective assistance of counsel. Miller, 200 F.3d at 282.

D. Ground Four

Although the Supreme Court has recently decided differently, see Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (2010), at the time of movant's guilty plea and sentencing, Fifth Circuit law was clear that failure of counsel to advise of possible deportation did not amount to ineffective assistance of counsel. United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). The Supreme Court in Padilla made no express finding as to the retroactivity of its holding.

Whether or not movant's attorney's conduct was deficient for failing to advise movant of the risk of deportation after pleading guilty, the record conclusively demonstrates a lack of prejudice. At movant's rearraignment hearing, the court specifically advised movant that

> [a]n adjudication of guilt could result in deportation, that is, being required to leave the United States, of

> a defendant who is an alien and could adversely affect such a defendant's ability ever to become a citizen of the United States.

Rearraignment Tr. at 8. Movant testified that he understood the court's warning. Id. at 8-9. As movant was advised at his rearraignment of the possibility of deportation as a consequence of his guilty plea, the court concludes that movant has failed to show he was prejudiced by any deficient conduct of counsel, and this claim fails.

E. Ground Five

The fifth ground of the motion appears to be a compilation of claims. Part of the fifth ground alleges, essentially, that movant's guilty plea was not knowing and voluntary. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted).

The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy

burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claims. At his rearraignment, movant waived the reading of the indictment, but testified that he read and understood the factual resume before he signed it, and discussed the legal significance of it with his attorney. Rearraignment Tr. at 19-21. Movant heard all of the elements of the offense to which he pleaded guilty read aloud, as well as the stipulated facts, and he admitted that all of the facts were true. Id. at 21-23, 29-32, 33-34. Movant also testified that he understood that the sentencing guidelines are advisory but knew they would apply to his case. Id. at 9. Movant was advised that a guilty plea subjected him to a term of imprisonment of at least five and as much as forty years, plus payment of a fine of up to $2,000,000.00, and a term of supervised release upon release from prison, and he testified that he understood the possible penalties and punishments. Id. at 27-28.

After considering all of the aforementioned testimony, the court expressly found movant's plea to be knowing and voluntary. Id. at 34. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.

The court finds the remaining allegations included in ground

The court finds the remaining allegations included in ground five of the motion to be nothing more than conclusory assertions insufficient to establish a claim of ineffective assistance of counsel.[1]

## V.

## ORDER

Therefore,

The court ORDERS that the motion of Chinedu Momah to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 30, 2010.

JOHN McBRYDE
United States District Judge

---

[1]For example, movant makes the conclusory assertion that "counsel labored under an actual conflict of interest" which adversely affected his performance. Mot. at 20. Nowhere in the motion or supporting brief, however, does movant identify the nature of the conflict or provide any additional facts.